UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSETTS

ROBERT PETROPOULOS, II,

     Plaintiff,

v.

                                    CASE NO.

NANTASKET HOSPITALITY
GROUP, LLC

     Defendant.
_____/

## COMPLAINT

Plaintiff, Robert Petropoulos, II, by and through his undersigned counsel, hereby sues the Defendant, Nantasket Hospitality Group, LLC, for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and the Massachusetts Public Accommodations Act, Mass. Gen. Laws. ch. 272 §§92A and 98 and for damages pursuant to the Massachusetts Public Accommodations Act, Mass. Gen. Laws. ch. 272 §§92A and 98 and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

This Court also has supplemental jurisdiction over the state law claims at issue pursuant to 28 U.S.C. §1367.

## VENUE

2. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is a resident of this district and the facility, whose online reservation system is at issue herein, is situated in this district.

## PARTIES

3. Plaintiff, Robert Petropoulos, II, a lifelong Massachusettsan, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, namely, walking, due to suffering a series of cardiac arrests which resulted in an anoxic brain injury. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Defendant's online lodging reservation system fails to comply with the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the substantive ADA violations contained on its online reservation system. Plaintiff intends to visit the online reservation system for Defendant's place of lodging in the near future, and

within thirty (30) days, to book a place of lodging and to utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

4. Defendant is the owner and/or operator of the Nantasket Beach Hotel, located at 115 Nantasket Ave. in Hull, Ma. ("the Nantasket"). The online reservation system for the Nantasket is found at www.nantaskethotel.com (the "ORS").

## COUNT I
## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. Plaintiff realleges and incorporates paragraphs 1-4 above herein.

6. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised

regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

8. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

9. The Nantasket is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. On the Nantasket's ORS, potential patrons may reserve a place of lodging. The ORS is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

10. Most recently, during April, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Nantasket through the ORS but was unable to do so due to Defendant's failure to comply with the requirements set forth in paragraph 8.

11. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Suarez-Torres v. Panaderia y Resposteria Espana, Inc.,* 988 F.3d 542, 550 (1st Cir. 2021), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

12. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and accommodations offered at the Nantasket through the ORS due to the substantive ADA violations contained thereon. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present on the ORS. Defendant contributes to Plaintiff's sense of isolation and segregation by the continued operation of the ORS with discriminatory conditions.

13. The ORS encountered by Plaintiff when he visited it failed to comply with the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the ORS, he tried to make reservations for an accessible place of lodging at the Nantasket, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Nantasket' online reservation system, he searched the site for the identification and descriptions of accessible features at the Nantasket and places of lodging offered through the ORS so that he could assess independently whether the Nantasket or a specific place of lodging at the Nantasket met his accessibility needs in light of his

6

disability but the ORS contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the ORS does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the ORS until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

14. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to the ORS and maintain it and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

15. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to

implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and maintain the ORS in accordance with the requirements set forth in paragraph 8 above.[2]

WHEREFORE, Plaintiff, Robert Petropoulos, II, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the ORS in accordance with the requirements set forth in paragraph 8 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II
## CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE MASSACHUSETTS PUBLIC ACCOMMODATIONS ACT

17. Plaintiff realleges and incorporates paragraphs 1-10 and 12-14 above herein.

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its ORS. As rates and classes of the places of lodging at the Nantasket and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Nantasket, the ORS must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

18.	Plaintiff is a physically disabled individual, is a qualified individual under the Massachusetts Public Accommodation Laws and is a member of a protected class under Mass. Gen. Laws. ch. 272, §§92A and 98.[3]

19.	Plaintiff was denied participation and benefits in Defendant's services, programs, and activities and was otherwise discriminated against by Defendant when he was unable to book, hold and reserve an accessible place of lodging at Defendant's facility and was unable to learn about the accessible and inaccessible features of Defendant's facility so that he could determine whether Defendant's facility was usable by him.

20.	Plaintiff was denied participation and benefits in Defendant's services, programs and activities and experienced discrimination because he is a physically disabled person.

21.	Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, costs pursuant to Mass. Gen. Laws. ch. 151B, §§5 and 9.

22.	Pursuant to Mass. Gen. Laws. ch. 151B, §§5 and 9, this Court is provided with authority to grant injunctive relief and damages to Plaintiff,

---

[3] Pursuant to *Peters v. Boston Props,* 2021 Mass. Super. LEXIS 373*; 2021 WL 3493907 and *Capodicasa v. Town of Ware,* 2018 U.S. Dist. LEXIS 139786*, Plaintiff is not required to proceed first before the Massachusetts Commission Against Discrimination and exhaust his administrative remedies when alleging discrimination in a place of public accommodation.

including an Order compelling Defendant to implement policies to accommodate the disabled, by requiring Defendant to alter and maintain its online reservations system in accordance with the requirements set forth in paragraph 8 above.[4]

WHEREFORE, Plaintiff, Robert Petropoulos, II, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies to accommodate the disabled, through requiring Defendant to alter and maintain the online reservations system for the Nantasket in accordance with the requirements set forth in paragraph 8 above, and awarding Plaintiff damages, reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
LEE D. SARKIN
BBO No. 710006
2 Burlington Woods Drive
Suite 100
Burlington, Ma. 01803
(781) 222-4032
Attorney for Plaintiff

---

[4] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of the ORS. As rates and classes of the places of lodging at the Nantasket and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features. In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Nantasket, the ORS must continuously be updated to properly reflect and describe Defendant's accessible places of lodging.